# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN ZIRKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 C 06317 |
| | ) | |
| DR. SALEH OBAISI, SHERRY | ) | Judge John J. Tharp, Jr. |
| BENTON, MARCUS HARDY, | ) | |
| MICHAEL LEMKE, ANNA MCBEE, | ) | |
| JILL PARRISH, TARRY WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, the IDOC defendants' motion to dismiss the second amended complaint for failure to state a claim [45] is granted in part and denied in part. The motion is granted as to Marcus Hardy and granted in part as to Jill Parrish and Michael Lemke. The motion to dismiss is denied as to all other defendants.

## STATEMENT

Steven Zirko is an inmate at Stateville Correctional Center. Second Am. Compl. ("Compl.") ¶ 4. In this suit under 42 U.S.C. § 1983, Zirko claims that he has a severe soy allergy that has been deliberately ignored by a variety of Stateville doctors and administrators. The administrators (Sherry Benton, Marcus Hardy, Michael Lemke, Anna McBee, Jill Parrish, and Tarry Williams) have all moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons discussed below, the motion is granted in part and denied in part.

At the motion to dismiss stage, the Court must determine whether a complaint "state[s] a claim to relief that is plausible on its face." *McCauley v. City of Chi.*, 671 F.3d 611, 615 (7th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All factual allegations in the complaint are accepted as true for the purposes of this motion. *Id*.

To state a claim for deliberate indifference to medical needs, which includes medically necessary diets, a prisoner must meet both an objective prong and a subjective prong. The objective prong requires that a deprivation must be "sufficiently serious" while the subjective prong requires a "sufficiently culpable state of mind."[1] *Farmer v. Brennan*, 511 U.S. 825, 834

---

[1] The defendants do not contest at this stage that Zirko's alleged allergy is an objectively serious medical condition. Nor could they, as Zirko's grievances state his allergic reactions have required trips to the emergency room. *See* Ex. 7 at 5. According to the complaint, during allergic

(1994). The defendant must have known "of a substantial risk of harm to the inmate and disregarded the risk." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). At the motion to dismiss state, mental state can be alleged generally. *See Antonelli v. Sheahan,* 81 F.3d 1422, 1429 (7th Cir. 1996); *Greeno v. Litscher*, 13 F. App'x 370, 375 (7th Cir. 2001). However, a plaintiff must allege more than simply an administrator performing his or her duties, even when those duties include denying grievances. *Burks v. Raemisch*, 555 F.3d 592, 594-95 (7th Cir. 2009). Instead, the question becomes whether the administrator was simply doing his or her job, such as by relying on medical advice, or whether the administrator acted outside the scope of her duties (either by overreaching or refusing to perform duties). For example, an administrator who removes a prisoner from a prescribed diet has overreached his duty to administer the recommendations of medical staff. *See McDonald v. Hardy*, 821 F.3d 882, 888 (7th Cir. 2016), *cert. denied*, (U.S. Oct. 3, 2016). On the other end of the spectrum, an administrator who simply shredded grievances without reading them could also be held liable for failing to perform his duties. *See Burks*, 555 F.3d at 595.

As an initial matter, the parties dispute whether the Court can also draw facts from Zirko's grievances, which the defendants attached to their motion to dismiss. Zirko discusses these grievances in his complaint, alleging that he filed "at least five grievances pertaining to [his] severe allergic reactions" and that each of the administrators reviewed at least one of these grievances. Compl. ¶ 39-82. In fact, the ***only*** activity attributed to each of the administrator defendants is their denial (or concurrence in the denial) of these grievances. *See id.* at ¶ 44, 50, 55, 57, 61, 68, 71, 73, 77, 80. Zirko's complaint also references the content of his grievances and the administrators' responses, such as the July 15, 2013 grievance where the complaint states "Defendant McBee denied that Plaintiff's July 15, 2013 grievance was an emergency and denied Plaintiff's request to be on a soy-free diet or submit to an allergy test." *Id*. at ¶ 68. The complaint goes on to describe the rationale listed in the denial of the grievance: "Defendant McBee claimed that current medical research does not support a claim that soy diets cause significant medical problems and certainly not at the concentrations it is being served at the Illinois Department of Corrections." *Id*. at ¶ 69.

Zirko suggests that the consideration of these grievances should convert the motion to dismiss into a motion for summary judgment under Rule 56. Pl. Resp. 5. However, the Seventh Circuit has held that "the incorporation-by-reference doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Generally, a document may be considered by the Court if it is referenced in the complaint, its authenticity is undisputed, and it is central to the plaintiff's claim. *See Tierney v. Vahle*, 304 F.3d 734, 738-39 (7th Cir. 2002). Here, all three conditions are satisfied. The grievances are each individually referenced for several paragraphs in the complaint, the plaintiff has not raised any authenticity concerns, and the denials of these grievances are the only conduct alleged by these defendants (and so are central to the claims against them). Thus, the discussion below incorporates facts found in both

---

reactions Zirko suffers from "hives, itching all over his body, and constricted breathing." Compl. ¶ 29. These allegations, if true, describe a serious medical condition.

the complaint and the attached grievances. All reasonable inferences are drawn in Zirko's favor. *Ashcroft*, 556 U.S. at 678.

### A. Marcus Hardy

Marcus Hardy received and reviewed Zirko's October 10, 2012 emergency grievance regarding his soy allergy. Compl. ¶ 43. In the grievance, Zirko reported that he had suffered his fourth allergic reaction and that medical personnel who witnessed his reaction had administered 50 milligrams of Benadryl, a medication used to relieve the symptoms of allergic reactions. Ex. 2 at 3. Zirko complained that he had not received any Benadryl other than this dose for several months, and requested to see the medical director immediately. Hardy denied the grievance, stating that it did not represent an emergency and that Zirko should submit his grievance through the non-emergency procedures. *Id.* Nowhere does the grievance specifically say that Zirko's allergy was to soy or mention his request for a soy-free diet or an allergy test; instead he requests "receivership [sic] of necessary medication." *Id.*

With these facts, the Court finds that Zirko has failed to state a claim as to Marcus Hardy. All Hardy did was, quite reasonably, mark that a treated allergy attack was not an emergency. He did not deny treatment to Zirko, change Zirko's prescribed treatment, or in any way prevent Zirko from receiving necessary care. Hardy was aware that medical staff members were treating the reaction, which had at least succumbed enough that Zirko was able to write his grievance. Hardy could not have been aware of an "excessive risk to inmate health" when all he knew was that the urgent problem had been treated and thus was not an emergency. *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). As the Seventh Circuit has suggested "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Id.* at 656. Thus, the defendants' motion to dismiss is granted as to defendant Marcus Hardy.

### B. Sherry Benton

Sherry Benton, an employee of the Illinois Department of Corrections Administrative Review Board, reviewed the denials of Zirko's November 1, 2012, December 29, 2012, and July 15, 2013 grievances. Compl. ¶ 47, 57, 73. She also denied Zirko's request that she reconsider her decision on the July 15 grievance. *Id.* at ¶ 75. According to the complaint, Defendant Benton knows that Zirko continues to suffer severe allergic reactions to soy. *Id.* at ¶ 87.[2] The November 1, 2012 grievance stated that Zirko was suffering from a soy allergy and that Dr. Obaisi had responded "that is an issue for the courts and/or Springfield." Ex. 3 at 4. Zirko also stated that other inmates received a soy-free diet. *Id.* at 5. Distressingly, it appears Benton was not sent this 2012 grievance for review until October 2014 and she did not respond until April 2015. *Id.* at 3. When she responded, Benton marked that the issue had previously been addressed by "this office" on January 30, 2014 and that "no justification [had been] provided for additional consideration." *Id.*

---

[2] Allegations of knowledge such as this one must be accepted by the district court even though the plaintiff does not explain how Benton could have come to have such knowledge. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) ("[k]nowledge and intent, in particular, need not be covered in detail" in a complaint).

3

That earlier January 30, 2014 response, paradoxically, had been a review of a later grievance filed on December 29, 2012. Ex. 4 at 2. This grievance indicates that a soy-free diet permit was prescribed by Doctor Obaisi but that unknown administrators were refusing to process the permit.[3] *Id*. at 4. Benton's response identifies the issue as a soy diet not being adhered to, and denied the grievance because "this office finds the issue was appropriately addressed by the facility administration" and that according to staff "no such permit exists." *Id*. at 2.

Benton's final grievance review was of the July 15, 2013 grievance, in which she indicated that Zirko wanted a "non-soy diet permit" because he "claims allergic [sic] to soy." Ex. 6 at 2. In this grievance, Zirko describes being taken to the emergency room after an allergic reaction and failing to be given a soy-free diet permit as prescribed. *Id*. at 5. Benton responded that "no justification [was] provided for additional consideration" because the issue was addressed in her pending response to the December 29, 2012 grievance.

Drawing all inferences in favor of the plaintiff, the Court finds that Zirko has stated a plausible claim for relief against Sherry Benton. The language of the grievance that "no such permit exists" is unclear. It could mean that no such permit *was ever prescribed*, but it could also mean that staff had simply failed to create a soy-free permit. The latter, of course, is not a valid reason to continue feeding an inmate a food to which he is severely allergic against his doctor's orders. Furthermore, there is no basis to infer at this point that Benton ever conducted any independent evaluation to verify whether the information provided by the grievance officer was correct or whether she reviewed any medical records. The complaint states Benton was aware of Zirko's ongoing severe allergic reactions. Compl. ¶ 87. If true, these facts state a plausible claim that Benton was both subjectively aware of a serious medical need and disregarded the risk to Zirko's health of continuing to expose him to soy without allergy medication or the prescribed diet. Therefore, the motion to dismiss as to defendant Benton is denied.

**C. Michael Lemke**

Michael Lemke reviewed Zirko's December 29, 2012, January 3, 2013, and July 15, 2013 grievances. Comp. ¶ 54, 60, 65. He also concurred in the eventual final denial of the July 15, 2013 grievance. *Id*. at ¶ 71. The complaint alleges that all of these denials were issued despite the fact Lemke "knew or had reason to know" that Zirko was "being mistreated by prison doctors" and "was not receiving proper medical care." *Id*. at ¶ 56, 63, 72. The December 29 grievance, discussed above, alleges that Zirko was prescribed a soy-free diet permit but that he did not receive it. Ex. 4 at 4. Lemke's participation appears to be limited to checking a box stating "I concur" in the "Chief Administrative Officer's Response" box. Ex. 4 at 3. Lemke's involvement with the July 15, 2013 grievance is identical. Ex. 6 at 3. His involvement with the January 3, 2013 grievance appears to have been merely to indicate that it was not an emergency and should be pursued through the normal grievance process. Ex. 5 at 3. This grievance simply stated that a

---

[3] The grievance paperwork indicates that the doctor ordered the dietary permit, *see* Ex. 4 at 4, while the complaint states that the doctor "orally promised" to place Zirko on a soy-free diet but never issued the dietary order. Compl. ¶ 36-37. Construing these allegations in the light most favorable to Zirko, the Court takes this conflict to allege that a doctor had at least in some sense prescribed a soy-free diet, even if proper protocols were not followed.

doctor had ordered a dietary restriction due to "food allergies" and that this restriction was not being followed. *Id*. It contains no claims of immediate allergy attacks or any medical problem as a result.

As with Defendant Hardy, the decision that the January 3, 2013 grievance was not an emergency does not indicate any disregard for Zirko's health. It, in fact, does not appear that Zirko was having a health emergency, and Lemke correctly disposed of the grievance. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (defendant who had correctly rejected a grievance as time-barred was correctly dismissed from the suit). The other two grievances represent a more complicated situation because it is not clear what, if anything, Lemke reviewed in making his decision. *Compare Greeno v. Daley*, 414 F.3d 645, 655-56 (7th Cir. 2005) (no liability for administrator where he investigated grievances and referred them to doctors). Lemke may, of course, have done these things, but nothing in the grievances suggests that he did and the complaint asserts Lemke "simply ignored the Plaintiff's plight." Comp. ¶ 56. Drawing all inferences in favor of the plaintiff, Zirko has stated a claim and the motion to dismiss is denied as to Defendant Lemke with regard to the December 29 and July 15 grievances but granted as the Lemke's involvement in the January 3 grievance.

### D. Anna McBee

Anna McBee reviewed Zirko's July 15, 2013 grievance. Compl. ¶ 67. This grievance states Zirko had an allergic reaction that required him to be taken to the emergency room. Ex. 6 at 5. In this grievance, Zirko states that the Medical Director agreed that Zirko requires a no soy dietary permit, which other inmates have. *Id*. McBee denied the grievance stating that the "menu composition meets or exceeds the dietary allowances as recommended by the National Academy of Sciences" and that Stateville follows "ADA standards as to composition of meals." *Id*. at 3. McBee goes on to state that "[a]ccording to [the] Agency Medical Director, current extensive medical literature does not support the claim that soy diets cause significant medical problems and certainly not at the concentration it is being served with the IDOC." *Id*. Finally, she states that "[m]edical issues, as always, need to be addressed with the Med Tech" and that "[p]er medical records, grievant was seen by Medical Director Obaisi on 10/22/13." *Id*.

Making all inferences in the plaintiff's favor, Zirko has stated a plausible claim against McBee. Although McBee appears to have consulted the medical records, the fact that Zirko had recently been seen by a doctor does not contradict his version of events. Rather, Zirko's grievance stated that he had recently seen a doctor *and that doctor had ordered he receive the dietary permit*. The refusal to provide a prescribed diet can constitute a deliberate indifference claim. *See McDonald v. Hardy*, 821 F.3d 882, 890 (7th Cir. 2016). Furthermore, it is not clear whether McBee conducted independent investigation into the National Academy of Science and "ADA" (presumably Americans with Disabilities Act) standards or whether this information was provided to her by medical staff. If McBee conducted her own research, this could be seen as her overriding the treatment decisions of a doctor. Such behavior would state a claim for deliberate indifference. *See id*. The motion to dismiss is therefore denied as to Defendant McBee.

### E. Jill Parrish

Jill Parrish reviewed Zirko's November 1, 2012 and July 15, 2013 grievances. Compl. ¶ 49, 77. In the November 1, 2012 grievance, Zirko explained that he had requested a soy-free diet when receiving his allergy medication. Ex. 3 at 4. The doctor declined saying "that is an issue for the courts" but evidently relented and agreed to call a dietician. *Id.* Almost two years later on 8/22/14, Jill Parrish completed a "Grievance Officer's Report" stating that she had reviewed Zirko's medical records and that "per dietary the state does not offer a soy free diet." *Id.* at 3. The statement that "the state does not offer a soy free diet," drawing all inferences in favor of Zirko, raises a plausible claim of deliberate indifference. An administrator's refusal to provide a prescribed medical diet presents a potential claim of deliberate indifference. *See McDonald v. Hardy*, 821 F.3d 882, 890 (7th Cir. 2016). As such, the motion is denied as to Defendant Parrish regarding the November 1, 2012 grievance.

Parrish also made the initial determination on the July 15, 2013 grievance. In this grievance, Zirko complained of the "non-issuance" of the no-soy dietary permit after an emergency room visit and a doctor's statement that he needed the permit. Ex. 7 at 4. In reviewing this grievance, Parrish reviewed the medical records and determined that the medical director had not, in fact, approved Zirko for a no soy diet. Ex. 7 at 3. The Seventh Circuit has indicated that a grievance officer is not required to do more than review the grievance, review the medical records, and discuss the grievance with medical staff. *See Greeno v. Daley*, 414 F.3d 645, 655-56 (7th Cir. 2005). The grievance officer report indicates that Parrish consulted with a nurse while reviewing the medical records. Ex. 7 at 3. This satisfies Parrish's duties as a grievance officer and as such the motion to dismiss is granted as to Defendant Parrish regarding the July 15, 2013 grievance.

### F. Tarry Williams

Tarry Williams concurred in the denial of Zirko's July 15, 2013 grievance. Compl. ¶ 80. This appears to have amounted to checking a box labeled "I concur" – no details about any actions Williams may have taken or what Williams reviewed to reach that conclusion are given. Ex. 7 at 3. Zirko has alleged in the complaint that Williams "simply ignored [Zirko's] plight" despite knowing that Zirko was "being mistreated" and "was not receiving proper medical care." Compl. 81. Accepting these allegations as true, Zirko has stated a plausible claim against Williams. If Williams in fact reviewed nothing and did nothing despite having the knowledge alleged in the complaint, that would be a plausible claim of deliberate indifference. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The motion to dismiss is denied as to Defendant Williams.

In summary, Zirko must state a plausible claim of deliberate indifference in order to survive a motion to dismiss. He must have sufficiently alleged both an objectively serious problem and a subjectively culpable mind of each defendant. The Court finds that such a plausible claim has been stated as to Defendants Benton, Lemke (in part), McBee, Parrish (in part), and Williams. Therefore, the motion is denied as to those defendants. The motion to dismiss is granted as to Defendant Hardy in whole and Defendants Parrish and Lemke in part.

Dated: October 24, 2016

John J. Tharp, Jr.
United States District Judge